**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **FRANKLIN DELANO CHISHOLM** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION V-07-014** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |
| | § | |

**MEMORANDUM & ORDER**

Petitioner, Franklin Delano Chisholm, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus challenging his state court conviction under 28 U.S.C. § 2254.  The Respondent has filed a Motion for Summary Judgment (Dkt. # 6) asserting that Petitioner's claims are time barred pursuant to 28 U.S.C. § 2244(d).  After reviewing the pleadings, the records and the applicable law, the Court grants the motion and dismisses this suit as barred by time limitations.

**Procedural History**

Petitioner was found guilty by a jury of aggravated assault with a deadly weapon and was sentenced to 17 years imprisonment and a $5,000.00 fine on July 9, 2003. *State of Texas v. Chisholm*, No. 2002-8-5802 (24th Judicial Dist. Calhoun County, Texas).  Petitioner's conviction was affirmed by the Thirteenth Court of Appeals on August 27, 2004.  Fed Pet. 3.  He did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("CCA"), but filed an application for a state writ of habeas corpus on July 27, 2005.  *Id.*  The CCA dismissed the action

on March 8, 2006 without a written order. *Id.* at 4.  Petitioner filed a second application for state writ

of habeas corpus on October 2, 2006, which was denied without written order on December 6, 2006.

*Id.*  The instant petition was filed in this Court on January 12, 2007.[1]

Petitioner argues the State did not prove its case against him for aggravated assault.

Respondent maintains that Petitioner's federal petition for writ of habeas corpus is time-barred

because it was not filed within the one year statute of limitations.

### Standards of Review

Petitioner's habeas petition is subject to the provisions of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320 (1997).  Under the AEDPA,

a federal habeas petition which challenges a state court conviction is subject to a one-year

limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] The petition was not received by the District Clerk until January 23, 2007, but for purposes of calculating the applicable time limitations, a prisoner's petition for habeas corpus is deemed filed on the date it is placed in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam).

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§  2244(d)(1) & (2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

## Analysis

Petitioner was convicted by a jury of aggravated assault and sentenced on July 9, 2003.  His conviction was affirmed on direct appeal on August 27, 2004.  Because he did not file a petition for discretionary review with the CCA, Petitioner's conviction became final on September 27, 2004. *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003) (declaring that for purposes of finality under the AEDPA one-year limitation period, the statute of limitations begins to run when the 30 day period for filing a petition for discretionary review in state court expires); TEX. R. APP. P. 68.2(a).  Petitioner then filed a state writ of habeas corpus on July 27, 2005, using 302 days of the one year limitation period.  The time was tolled under 28 U.S.C. § 2244(d)(2) while Petitioner's application for state writ was pending.  The statutory tolling period ended, however, on March 8, 2006 when the CCA denied his writ of habeas corpus.  Petitioner filed a second application for writ of habeas corpus with the CCA on October 2, 2006, using 207 days.  Thus, the statute of limitations had already expired at the time Petitioner filed his second state writ, making his petition to this Court on January 12, 2007  untimely. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (finding expired limitations period cannot be revived by filing a state habeas petition).

Petitioner relies on the United States Supreme Court's decision in *Carey v. Safford*, 536 U.S. 214 (2002) for the proposition that tolling applies during the time between the denial of his first state

writ and the time he filed his second state writ. The Court, in reviewing the California habeas procedures, held that intervals between a lower court decision and a filing of another petition in a higher court fell within the scope of the word "pending." *Carey*, 536 U.S. at 221–22.  Because of the differences between Texas' and California's post-conviction procedures, however, this ruling is not directly applicable to this case.  Under the California system, an inmate is required to file his state habeas petition in a lower court.  If this is refused, an attempt to file another petition in a lower court will be rejected as successive. *Id.* at 222.  However, the petitioner may file the same petition, even though it is called an "original" petition, in the Court of Appeal.  Thus, the Supreme Court explained, a prisoner will typically seek habeas review in a lower court and later seek appellate review in a higher court on the same petition.  *Id.* at 223.

The Texas post-conviction system of collateral review is quite different. In Texas, the petitioner files his habeas corpus petition in the trial court, but that court can only make recommendations; it cannot grant or deny the petition. Only the CCA has the power to make the final determination on a state habeas petition. *See* TEX. CODE CRIM. PRO. art. 11.07.  Thus, in Texas, the state petition is considered to be "pending" from the time it is filed in the trial court, until the time that the CCA rules on it. This is consistent with the Supreme Court's decision in *Carey*. *See also Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir.2001) (construing Louisiana law and holding that the limitations clock does not begin to run between the time of the state trial court's disposition of a habeas petition and the timely filing for direct review at the next level).

Petitioner also indicates that he is entitled to equitable tolling because he was without a copy of the trial transcript until May 2, 2005 precluding him from discovering the factual predicate of his claim.  He further contends equitable tolling is appropriate because he is a "layman to the criminal

justice system"[2] and he was affected by medical illness, lockdown, holidays, death in his family and

his second state writ brief was lost in the mail. A court may toll the limitations period in "rare and

exceptional circumstances." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).   Such

circumstances would exist, for example, if "the plaintiff [was] actively misled by the defendant

about the cause of action or [was] prevented in some extraordinary way from asserting his rights."

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96

F.3d 124, 128 (5th Cir.1996)).   However, a "garden variety claim of excusable neglect" by the

petitioner does not support equitable tolling. *Rashidi*, 96 F.3d at 128 (quoting *Irwin v. Dep't of

Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Petitioner has not shown any valid basis upon which to equitably toll the statute of

limitations.[3]   Petitioner seeks habeas relief on the ground that the State did not prove that he

committed aggravated assault.  All the facts relating to this claim were known at trial and the fact

Petitioner did not receive the trial transcript until May 2005 does not entitle him to equitable tolling.

*See Johnson v. Johnson*, 194 F.3d 1309 (5th Cir. 1999) (per curiam).  Further, Petitioner's lack of

familiarity with the legal system, uncorroborated medical problems, lockdown and family death or

illness does not amount to the rare and exceptional circumstances necessary for equitable tolling.

*See e.g., Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (illness); *Felder v. Johnson*, 204

F.3d 168, 173 (5th Cir. 2000) (lack of familiarity with legal system); *Akins v. United States*, 204

F.3d 1086, 1089–90 (11th Cir. 2000) (lockdown, misplaced legal papers).  Therefore, Petitioner has

---

[2] *See* Dkt. # 8, p. 5.

[3] Petitioner also argues that the "district court shall afford the parties at least 120 days in which to complete all action including the preparation of all pleadings and briefs" citing 28 U.S.C. § 2266(b).  This provision is only applicable to habeas proceedings in capital cases.

not shown that he was prevented from pursuing his claims and submitting his habeas petition within the requisite time limitation.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability (COA) before he can appeal this Memorandum and Order dismissing his petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 263 (quoting *Slack*, 529 U.S. at 483); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Petitioner is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

6

## Conclusion

The Court **ORDERS** the following:

1.      The Respondent's Motion for Summary Judgment (Dkt. # 6) is **GRANTED**.

2.      Petitioner's Motion for Judgment on the Pleadings (Dkt. # 10) is **DENIED**.

3.      This action is **DISMISSED** with prejudice.

4.      A Certificate of Appealability is **DENIED**.

**SIGNED** on this 21st day of November, 2007.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE